Mark C. Manning
Mark C. Manning, P.C.
1000 O'Malley Road, Ste. 202
Anchorage, Alaska 99515
(907) 278-9794 Fax: 278-1169
manning@alaska.net
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| NORTHRIM BANK, a state- chartered bank,<br><br>                Plaintiff,<br><br>v.<br><br>EYE OF THE STORM, official number 1198962, together with any and all present and future engines, boilers, machinery, components, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances thereto, appertaining or belonging, to the mortgaged vessel, whether now or hereafter acquired, and whether on board or not on board, together with any and all present and future additions, improvements and replacements therefor, made in or to the vessel, or any part or parts thereof *in rem,* and Prince William Sound Eco-Charter LLC and David Goldstein, *in personam.*<br><br>                Defendants. | COMPLAINT *IN REM*<br>AND *IN PERSONAM*<br><br>Case no. 3:19-cv- |

**COMPLAINT**

Plaintiff Northrim Bank alleges as follows:

1. This action is brought pursuant to Supplemental Rule C for Admiralty or Maritime Claims, is within the admiralty and maritime jurisdiction of this Court, pursuant to 28 U.S.C. §1333 and 46 U.S.C. § 31325, *et seq.*, and is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2. Plaintiff is and at all times relevant has been a Alaskan state- chartered bank, having its principal place of business in Anchorage.

3. The *in rem* defendant, EYE OF THE STORM, official number 1198962, is a vessel documented under the laws of the United States of America. The vessel is, and at all times relevant has been, owned by Prince William Sound Eco-Charter LLC. It is documented as a 34.0 foot long, 12.3 foot wide aluminum hulled commercial vessel now within the jurisdiction of this Court, lying on the hard at Whittier, Alaska.

4. At all times relevant, *in personam* defendant Prince William Sound Eco-Charter LLC has been a limited liability company organized under the laws of Alaska and based in Whittier. At all times relevant, *in personam* defendant David Goldstein has been an Alaska resident and sole member of Prince William Sound Eco-Charter LLC. On information and belief, the business of Prince William Sound Eco-Charter LLC was carriage of passengers for hire on the EYE OF THE STORM on Prince William Sound for sightseeing, fishing, exclusive charter and general transportation.

5. In June 2013, Goldstein applied for a business loan of $250,000.00 from Northrim. A true and correct copy of the application is attached hereto as Exhibit 1. As conditions of the application, Goldstein signed a commitment to be bound by the terms of any resulting credit agreement, to guaranty payment of any approved credit, to waive all surety defenses available to a Guarantor, and to pay all costs and fees, including attorney's fees, Northrim may incur in enforcing the credit agreement or the Guaranty.

6. Northrim approved the loan application and disbursed funds. To evidence the loan to Prince William Sound Eco-Charter LLC and pertinent terms, Goldstein executed a Business Loan Agreement and Promissory Note, true and correct copies of which are attached hereto as Exhibits 2 and 3, respectively. The Note, dated July 9, 2013, obligated Prince William Sound Eco-Charter LLC to pay the principal amount of $250,000.00, with interest, in accord with the terms that appear in the Note.

7. To secure the debt evidenced by the Note, on Prince William Sound Eco-Charter LLC's behalf Goldstein executed a Preferred Ship Mortgage against defendant EYE OF THE

STORM. A true and correct copy of the mortgage is attached hereto as Exhibit 4. The mortgage was properly recorded with the Coast Guard Vessel Documentation Center and endorsed on the vessel's documents, and is a valid and subsisting preferred mortgage. The mortgage covers the whole of the Vessel and any and all present and future engines, boilers, machinery, components, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances thereto, appertaining or belonging, to the mortgaged vessel, whether now or hereafter acquired, and whether on board or not on board, together with any and all present and future additions, improvements and replacements therefor, made in or to the vessel , or any part or parts thereof. In accord with the provisions of the Note, mortgage and 46 U.S.C. § 31325, *et seq.*, default on the Note would entitle Plaintiff to foreclose on the mortgage on the vessel.

8. The Note payment schedule required, among other things, 59 consecutive monthly payments of $2,652.34, to be applied first to interest and then to principal, beginning on August 8, 2018. The payment due on November 8, 2018, and all payments due every month thereafter have not been paid. Goldstein has given notice that the default will not be cured. The Note is in default and has been since November 8, 2018. The Note gives Northrim the right to accelerate payment of the balance of principal and all accrued interest upon default. Northrim has given notice of default and acceleration. To the extent any defendant disputes that fact, this Complaint shall constitute that notice.

9. The Note also provides that upon default, the rate of interest on the debt shall be increased by 5.0%. The default rate on interest is now 11.04%, applicable from November 8, 2018, forward.

10. The Note also provides that if a payment is 15 days or more late, a late fee of the greater of $25.00 or 10.0% of the payment due shall apply. As of April 14, 2019, late fees total $1,326.15.

11. The Note also provides that Northrim may recover all expenses and fees, including reasonable attorney fees, incurred for help collecting on the Note, whether or not suit is filed, as well as through legal proceedings, appeals, and post-judgment collection action. Northrim has previously

incurred legal expenses of $1,925.00 and expenses of $175.00 in collection efforts.

12. Presently due and owing on the Note is $231,461.17 in principal.

13. The mortgage also requires Prince William Sound Eco-Charter LLC to maintain specified insurance on and for the vessel. Prince William Sound Eco-Charter LLC has breached this requirement, obliging Northrim to order and pay for coverage. The eventual total premium for this coverage is not yet determinable, and will be subject to proof. Northrim is entitled to recover this cost.

14. By reason of the terms and his execution of the Business Credit Application, Goldstein is personally obligated as guarantor to pay Prince William Sound Eco-Charter LLC's obligations on the Note.

WHEREFORE, Northrim prays as follows:

1. that an *in rem* warrant of arrest issue, directing the United States Marshal to arrest the whole of the vessel EYE OF THE STORM, o.n. 1198962, and any and all present and future engines, boilers, machinery, components, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances thereto, appertaining or belonging, to the mortgaged vessel, whether now or hereafter acquired, and whether on board or not on board, together with any and all present and future additions, improvements and replacements therefor, made in or to the vessel, or any part or parts thereof, and to hold the same pending further order of this Court;

2. that Northrim be awarded judgment *in rem*, declaring that the Preferred Ship Mortgage created a valid and subsisting maritime lien in favor of Northrim against EYE OF THE STORM, that is prior and superior to all other liens, claims, and encumbrances whatsoever against the Vessel, and foreclosing Northrim's mortgage lien against the Vessel and any and all present and future engines, boilers, machinery, components, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances thereto, appertaining or belonging,

*Northrim Bank v. EYE OF THE STORM et al.*
Case no. 3:19-cv- 4

to the mortgaged vessel, whether now or hereafter acquired, and whether on board or not on board, together with any and all present and future additions, improvements and replacements therefor, made in or to the vessel, or any part or parts thereof, for all amounts due on the debt evidenced by the Note and Preferred Ship Mortgage, including without limitation, the $231,461.17 principal balance, all late payment charges, interest accrued at time of judgment, the exact amount be proven at time of trial and judgment, any past and future late payment charges, costs of collection, reasonable attorney fees and other expenses allowed under the Note and the Mortgage, and at law;

3. that the court issue an order directing the U.S. Marshal to sell the Vessel in accordance with law, and that the sale proceeds be held in the Registry of this Court to be applied first to satisfy Northrim's *in rem* judgment;

4. that Northrim be allowed to credit bid at the Marshals' sale the amount of debt under the Mortgage in lieu of cash;

5. that Northrim be awarded a deficiency judgment *in personam* against Prince William Sound Eco-Charter LLC and David Goldstein, jointly and severally, for all amounts due on the debt evidenced by the Note and Preferred Ship Mortgage as alleged in the Complaint, including without limitation, principal, interest, late charges, insurance premium, marine survey costs, costs of collection, including but not limited to costs of arrest and custody, reasonable attorney fees and other expenses allowed under the Note and the Mortgage, and at law; and

6. that Northrim be awarded such other and further relief as the Court may deem just and proper in the premises.

DATED this _____ th day of April, 2019, at Anchorage, Alaska.

s/ Mark C. Manning<br>
Mark C. Manning<br>
MARK C. MANNING, P.C.<br>
Counsel for Plaintiff<br>
1000 O'Malley Rd, Ste. 202<br>
Anchorage, AK 99515<br>
Phone: (907) 278-9794<br>
Fax: (907) 278-1169<br>
manning@alaska.net<br>
ABA No. 8110066

*Northrim Bank v. EYE OF THE STORM et al.*
Case no. 3:19-cv-    5

## VERIFICATION
### 28 USC §1746

I am Vice-president, Collections Supervisor for Northrim Bank and supervise Northrim's loan file and related activities in this matter. The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The sources of my knowledge and information and the grounds for my belief are the files and records of Northrim Bank, copies of abstracts of title of the vessel, and information furnished me by Northrim Bank personnel and legal counsel. I am authorized to make this verification on Northrim's behalf.

_____4/12/19_____  _____/s/ William J. Simpson_____
Date                                William J. Simpson

*Northrim Bank v. EYE OF THE STORM et al.*
Case no. 3:19-cv-                                    6